UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and CHARLES A. WHOBREY, as Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>DT LEASING, LLC and SHOSHONE TRUCKING, LLC,<br><br>Defendants. | No. 20 C 05878<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, the Central States, Southeast and Southwest Areas Pension Fund ("the Pension Fund") and one of its Trustees, allege defendants DT Leasing and Shoshone Trucking are liable for withdrawal liability incurred by another company, Diamond Trucking, when it withdrew from a multiemployer pension plan. Before the Court is Shoshone's motion to dismiss the claims against it in Plaintiffs' First Amended Complaint. For the reasons set forth below, that motion is denied.

**Background**

A claim to recover withdrawal liability from a plan participant is governed by the Employee Retirement Income Security Act ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381-1461. Pursuant to statute, when an employer withdraws from a multiemployer plan, it must pay withdrawal liability in an amount roughly equal to its proportionate share of the plan's unfunded vested benefits. *Id.* §§ 1381, 1391.

1

As alleged in the First Amended Complaint, Diamond Trucking ceased its operations and withdrew from the Pension Fund in 2014. Plaintiffs allege that after Diamond Trucking withdrew, the Pension Fund demanded payment of the withdrawal liability amount from Diamond Trucking and its control group by June 1, 2015. Diamond Trucking did not pay, but instead initiated arbitration with the American Arbitration Association. The Pension Fund then sued Diamond Trucking on March 24, 2016, but that case was stayed when Diamond Trucking filed for bankruptcy on December 14, 2016.

Plaintiffs then filed this case on October 2, 2020, naming DT Leasing and Shoshone as defendants. The original complaint asserted a single count against Shoshone for liability as Diamond Trucking's successor. After Shoshone moved to dismiss, Plaintiffs filed the operative First Amended Complaint on February 9, 2022. The amended complaint keeps the successor liability claim and adds another count seeking to recover the withdrawal liability from Shoshone as Diamond Trucking's alter ego.

In light of the filing of the amended complaint, the Court denied Shoshone's original motion to dismiss without prejudice. Shoshone then filed the instant motion to dismiss on March 24, 2022. In its motion, Shoshone argues that the Court lacks subject matter jurisdiction over plaintiffs' claims against it, that the claims are time barred, that Plaintiffs have improperly split their claims, that the Court lacks personal jurisdiction over Shoshone, and that venue is improper.

**Discussion**

Beginning with subject matter jurisdiction, ERISA authorizes civil actions to recover unpaid withdrawal liability from employers who participate in multiemployer pension plans. 29 U.S.C. § 1451(a). However, ERISA does not authorize civil actions to collect withdrawal liability from third parties. *Peacock v. Thomas*, 516 U.S. 349, 353 (1996). Thus, for example, in *Peacock* the Supreme Court held that "piercing the corporate veil is not itself an independent ERISA cause of action." *Id.* at 354. Shoshone argues that Plaintiffs' claims against it merely seek to hold it vicariously liable for Diamond Trucking's withdrawal liability, and therefore do not "arise under" ERISA in a way that would give this Court jurisdiction under 28 U.S.C. § 1331.

Shoshone asserts that the Seventh Circuit recently held that the *Peacock* rule applies to vicarious liability claims generally, citing to *East Central Illinois Pipe Trades Health and Welfare Fund v. Prather Plumbing and Heating, Inc.*, 3 F.4th 954 (7th Cir. 2021). In *Prather Plumbing*, the plaintiff benefit funds sought to recover an existing ERISA judgement from a newly formed company under the federal common law doctrine of successor liability. The Seventh Circuit held that the court lacked subject matter jurisdiction over the claim because it did not "arise under" ERISA, noting that "ERISA does not provide an enforcement mechanism for collecting judgments." *Id.* at 961. Absent any claim that the new company itself violated one of ERISA's substantive provisions, the claim premised purely on successor liability did not provide an independent basis for federal jurisdiction. *Id.*

Shoshone contends that *Prather Plumbing* applies to both Plaintiffs' successor liability and alter ego claims, characterizing both as vicarious liability theories that

3

merely seek to recover an ERISA judgment from a third party and do not arise under federal law. But *Prather Plumbing* itself rejected this argument as to alter ego liability, explicitly differentiating it from a successor liability claim. Citing an earlier decision raising a similar question, the court noted that an allegation that company A is company B's alter ego is an allegation that the companies are the same entity, so liability is direct, not vicarious. *See id.* at 962-63 (citing *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031 (7th Cir. 2000)). The court explained, "In that situation, a fund can invoke the cause of action in ERISA to pursue a claim against the alleged alter ego for itself violating ERISA." *Id.* In contrast, a successor liability claim simply seeks to hold the successor "equitably responsible for the unpaid obligations" of its predecessor. *Id.* at 963.

Shoshone contends that in yet another case, the Seventh Circuit held that what really differentiates an alter ego claim from an ordinary vicarious liability claim is not simply the allegation that the two entities are one and the same, but that the alleged alter ego actually "played a part in the initial ERISA violation." *See* R. 51, at 4 (citing *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 85 F.3d 1282, 1286 (7th Cir. 1996)). This requirement is not discussed in either *Elite Erectors* or *Prather Plumbing*. In fact, the court in *Elite Erectors* cited to *Central Transport* for the proposition that an alter ego claim seeks direct liability because the alter egos are considered the same entity, and *Prather Plumbing* then borrowed the same language. *See Elite Erectors*, 212 F.3d at 1038; *Prather Plumbing*, 3 F.4th at 932. The *Prather Plumbing* court further stated that the plaintiff funds

4

could have alleged the defendant "directly violated ERISA *either as an alter ego of Prather Plumbing or in its own right.*" 3 F.4th at 953 (emphasis added). This language shows that an "alter ego" claim is a direct liability claim that arises under ERISA even without accompanying allegations of direct involvement. *See Trs. of Sheet Metal Workers Local No. 1 Welfare Trust v. Pekin Climate Control, Ltd.*, 669 F. Supp. 2d 924, 928 (C.D. Ill. 2009) (discussing *Elite Erectors* and concluding that an alter-ego claim invoked subject-matter jurisdiction under ERISA).

Examining the allegations in Count III of Plaintiffs' amended complaint, the Court finds that it plausibly asserts an alter ego claim against Shoshone. Count III alleges that Diamond Trucking's business operations continued under Shoshone's name with substantially identical management, making it "merely a disguised continuance of the old employer." *Esmark, Inc. v. NLRB*, 887 F.2d 739, 750 (7th Cir. 1989) (quoting *Howard Johnson Co. v. Detroit Local Joint Exec. Bd. Hotel & Rest. Emps. & Bartenders Int'l Union*, 417 U.S. 249, 259 n.5 (1974)). Under *Prather Plumbing* and its predecessors, this is a direct liability claim that arises under ERISA and confers federal question jurisdiction just as it would if asserted against Diamond Trucking itself.

That leaves the successor liability claim in Count II, which is not a direct liability claim that arises under ERISA, and therefore requires some other basis for federal jurisdiction. Here, the Court has supplemental jurisdiction over this claim under 28 U.S.C. § 1367(a), which provides for subject matter jurisdiction over non-

5

federal claims that "derive from a common nucleus of operative facts." *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007).

Shoshone effectively concedes this conclusion. It agrees that the claims arise from a common set of facts, though it makes this point in arguing that Counts II and III are just the same vicarious liability claim with different labels. But this resemblance is not unexpected, since the standards for successor liability and alter-ego liability are similar. Both "incorporate a scienter component coupled with an analysis of similarities between the old and new entities." *McCleskey v. CWG Plastering, LLC*, 897 F.3d 899, 903 (7th Cir. 2018). While successor liability requires notice of the obligation by the new entity, alter-ego liability requires a fraudulent intent to avoid the obligation. *Id.* Plaintiffs have tailored the claims to match these standards, but the underlying facts are the same. Therefore, supplemental jurisdiction is proper.

For the same reasons, the Court finds that Plaintiffs' amendment to add Count III relates back to the date of its original complaint and is not untimely. An amendment relates back when it "asserts a claim or defense that arose out of the same conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Relation back is appropriate when the amendment refers to the same general set of facts, even if the amendment alleges a different cause of action and legal theory from the original complaint. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006).

Again, Shoshone does not dispute that Count III arises from the same set of facts as Count II. It instead argues that if Count III genuinely asserts a direct liability alter-ego theory, it is too different from Count II's vicarious liability successor theory to relate back. Shoshone cites no authority for the notion that this direct versus vicarious distinction bars relation back, and the Court doubts the distinction is meaningful in this context. Both claims seek to hold the same defendant accountable for the same obligation based on the same set of facts—only the legal theory by which liability is assigned is different. In these circumstances, relation back is appropriate.

Shoshone also contends that Count 3 should be dismissed for improper claim splitting. But courts in this Circuit have rejected similar res judicata arguments in ERISA claims against alleged successor or alter-ego defendants. For example, the Central District of Illinois held that a successive ERISA action seeking to impose alter ego liability was not precluded by an earlier ERISA action. *See Pekin Climate Control*, 669 F. Supp. 2d at 930. The court said that while the original suit focused on the ERISA violation itself, the successive case focused on facts that might establish the new defendant as the alter ego of the original defendant. *Id.* As such, there was no "identity of causes of action," so res judicata did not apply. *Id.* Another court in this district has reached the same conclusion. *See Bd. of Trs. of Automotive Mechanics Local No. 701 Union & Industry Pension Fund v. Moroni*, 905 F. Supp. 2d 846, 850-51 (N.D. Ill. 2012). The circumstances of those cases were the same as the ones presented here, and the Court agrees that res judicata does not apply.

Finally, Shoshone renews its argument that Plaintiffs cannot establish personal jurisdiction or proper venue. Both arguments assume that Count III is not a direct liability claim that arises under ERISA. Because the Court has already rejected this assumption and found that Count III is a direct liability claim under ERISA, it likewise rejects these derivative arguments. As explained in the Court's prior order, personal jurisdiction is proper pursuant to ERISA's nationwide service of process provision. R. 28. Venue is also proper under ERISA's venue provisions because the Pension Fund is administered in this district. 29 U.S.C. §§ 1132(e)(2), 1451(d). Count II, meanwhile, is covered by the doctrines of pendant personal jurisdiction, *see Robinson Eng'g Co. Pension Plan & Tr. v. George*, 223 F.3d 445, 449-50 (7th Cir. 2000), and pendant venue, *see Woodrum/Ambulatory Sys. Dev., LLC v. Lakeshore Surgical, LLC*, 2009 WL 256286, at *5 (N.D. Ill. Jan. 28, 2009). Neither count should be dismissed on these bases.

## Conclusion

For the forgoing reasons, Shoshone's motion to dismiss [R. 45] is denied.


ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: June 15, 2022

8